Fifth finding of fact reversed, and a finding in accordance with opinion made. Judgment reversed, and judgment on the merits directed for plaintiff, with costs in this court and at the Special Term. Order to be settled before Mr. Justice Stapleton.

---

In the Matter of the Petition of Daniel J. Sweeney, Chairman of the Socialist Committee of the County of Schenectady, Appellant, to Review, Pursuant to Section 56 of the Election Law of the State of New York,* the Action and Neglect of the Commissioners of Election in and for the County of Montgomery, Respondents, Who Acted in the Matter of Making Returns from the Inspectors' Returns and Tally Sheets at a Primary Election Held on September 16, 1913, in the County of Montgomery, and to Correct the Returns Made by Such Commissioners of Elections.

Third Department, October 24, 1913.

Elections — primary elections — cancellation of certificate of nomination.

Petition asking the cancellation of a certificate of nomination issued by the Secretary of State, showing the nomination of one B. by the Socialist party as justice of the Supreme Court. Said B. was not a member of the Socialist party and two of the six votes cast for him bore the name of his son, a law student. On the contrary, one S., a member of the Socialist party, received five votes. *Held*, that the plurality of votes cast for the office of justice of the Supreme Court at said election were cast for S. and that the certificate showing the nomination of B. should be canceled.

Appeal by the petitioner from an order of a justice of the Supreme Court, made at the Supreme Court chambers in the city of Schenectady and entered in the office of the clerk of the county of Schenectady on the 18th day of October, 1913, denying the petitioner's application to cancel the certificate of nomi-

* See Consol. Laws, chap. 17 (Laws of 1909, chap. 22), § 56, added by Laws of 1911, chap. 891.— [Rep.

nation issued by the Secretary of State of the State of New York to Henry V. Borst, showing the said Borst to be the nominee of the Socialist party as justice of the Supreme Court for the fourth judicial district of the State of New York.

*Fryer & Lewis* [*Charles G. Fryer* of counsel], for the appellant.

*Andrew J. Nellis*, for the respondents, commissioners of elections, Montgomery county.

*Thomas Carmody, Attorney-General* [*Joseph A. Kellogg* and *Claude T. Dawes* of counsel], for the Secretary of State.

*H. L. Slobogan*, for the State Socialist party.

PER CURIAM:

It appears from the record that the tally sheets as presented to the justice of the Supreme Court from whose order this appeal is taken showed that Henry V. Borst received one vote, H. V. Borst three votes and Harry V. Borst two votes, for the office of justice of the Supreme Court; that William Siebe received three votes, Wm. Siebe received one vote and W. Siebe one vote, and four votes were cast for other candidates.

The only question for our determination is, assuming that the votes for H. V. Borst and for W. Siebe should be counted for Henry V. Borst and William Siebe, whether the two votes for Harry V. Borst should be counted for Henry V. Borst, thus giving him six votes for the nomination, while Siebe had only five.

The affidavit in support of the respondents here, while carefully stating that Henry V. Borst was commonly known within the district either as Henry V. Borst or as H. V. Borst, fails to state that he was known any where in the district as Harry V. Borst. On the contrary, it appears that he has a son whose name is Harry V. Borst and who is known by that name, and the legal presumption is that the ballots cast for Harry V. Borst were intended for the son of Henry V. Borst and not for Henry V. Borst himself. This Harry V. Borst is a law student, within the district, and the papers fail to state his exact age.

The fourth judicial district consists of eleven counties, and in these counties only fifteen votes were cast in the primaries of the Socialist party for the office of justice of the Supreme Court. These fifteen votes were all in two counties, thus leaving nine counties in which not a single vote was cast. The fifteen votes cast make an average of about one and one-third votes in each of these counties, and in the interest of justice no court ought to strain a point to give the nomination to a candidate not a member of the party nominating, and especially when his candidacy is expressly objected to by the official organization of that party.

With these conclusions it must follow that the plurality of the votes cast for the office of justice of the Supreme Court in the official primary of the Socialist party were cast for William Siebe, a member of the Socialist party, and that the Secretary of State has improperly certified that Henry V. Borst was nominated for the position, and that the prayer of the petition should be granted, and said certificate of nomination should be canceled.

All concurred.

Order, so far as appealed from, reversed, Secretary of State directed to cancel the certificate issued to Henry V. Borst as the nominee for justice of the Supreme Court upon the Socialist ticket in the fourth judicial district, and to make necessary correction in any certificate heretofore delivered to the custodian of primary records in the several counties in the judicial district to conform to this order.